The opinion of the' Court was delivered by
WhitNee, J.
As this case implicates deeply many who have figured in it, there has been a becoming zeal on the part *104 of those engaged in its prosecution and defence. A full understanding can only be had of its merits by a reference to the report of the honorable Recorder. An attempt at condensation on my part, might do injustice, and I am equally certain an incorporation of the entire facts, in the judgment I am to pronounce, would be more than the occasion requires.
The first and second grounds of appeal complain of the restraint imposed at the trial below on the cross-examination of Dr. Rodrigues. The truth of certain written statements, traced to the hand of the defendant, was a prominent subject of inquiry in the issue pending. The witness was an alleged party to the agreement purporting to be set out, and fastidiousness on his part should have excited distrust rather than have secured confidence. As a distinct proposition, therefore, no well-founded objection to such a question as is alleged in the ground of appeal, is perceived. The precise interrogatory is not set out in the report in terms. The witness appealed to the Court in the form in which it was put, and the Recorder states that the counsel “ insisted the witness should, face to face, charge his nephew with fraud and perjury, or fraud and falsehood.” The question propounded has been since furnished to the Court, and is in the form presented in the ground. It is not to be disguised that the circumstances of this case well justified a searching investigation on this point. In the case before us, we are informed that much latitude was allowed, and that the facts in contradiction of the statement had been testified to fully and repeatedly and in a variety of forms, by .the witness. Whilst it is within the experience of every Judge that the examination of witnesses is often causelessly protracted, however delicate the responsibility, his discretion must be recognized and occasionally exercised in arresting such examination. The discretion should be cautiously and soundly exercised. The Court that reviews cannot always readily and fully ascertain the necessity or propriety of such interposition. Looking to the report of the case, we are not warranted in the conclusion that light has been ex- *105 eluded, or that justice has suffered, because of an exercise of discretion in the instance complained of.
This Court concurs with the Recorder as to the irrelevancy of the inquiry propounded in reference to an alleged charge by the witness against the reverend gentleman in charge of the Hasel-street congregation, because at the synagogue children were suffered to stand with heads uncovered on occasions when lectured or addressed by him. Whether such charge had been made or not, and whether such a course was in conformity with Jewish tenets and customs or not, could in no way affect any matter then in issue, or the validity of the oath which had been administered, though the witness was an Israelite, and had taken the oath in this instance, his head being uncovered. Neither would it follow, that his credibility had been impaired, however these facts mght have been found.
The third ground of appeal claims the right to amend the suggestion by the addition of new matter arising since the schedule and suggestion were filed, and discovered, as alleged, in the progress of the trial. The issue made by the pleadings was the matter with which the jury was charged, and it would be an anomaly in practice to permit such amendments from day to day, as a trial may progress. Such an order must have carried with it the right to amend the schedule, followed with an amendment of the plea, and an adjournment over of the case for a reasonable time to provide testimony. At most this could only be regarded as an application to the discretion of the Recorder to withdraw the case from the jury, and by proper amendment prepare for trial on a new state of pleading. As the rights of the party would have been fully protected by the purpose intimated by the Recorder, before any order for discharge would have been granted, coupled with the fact that such application to amend should at least have been made before the trial was entered upon, or upon a clear showing of the recent disclosure and the prejudice that must result by proceeding with the trial, the refusal by the Recorder of leave to amend the suggestion under the circumstances, was entirely proper.
*106 Next in the order most properly to be considered, are the “ additional grounds of appeal.”
The first of these grounds refers to the question involved in the fifth ground in the suggestion, whether a certain debt owed by one Jonas L. DeLange, and secured by a note drawn in favor of Mrs. R. Solomons, the mother of defendant, was in fact a debt due to the defendant. Jonas L. DeLange, the debtor, was dead, and the offer, the ground informs us, was made to prove the declaration of the deceased during his last illness, that he owed the defendant one thousand dollars, or had given a note for one thousand dollars, nominally payable to defendant’s mother, but really for the benefit of the defendant, which was ruled incompetent. The notice taken by the Recorder of this ground is, that although not able to “ say at what precise stage of this controversy the evidence was proposed to be offered, yet that the testimony annexed will show that, beyond all controversy, the supposed debt was really and bona fide due to Mrs. Solomons, growing out of a loan to that amount to Jonas L. DeLange.” The question to be met is the admissibility of the evidence, and not its credibility. The death of DeLange and his indebtedness by note drawn in favor of Mrs. Solomons, were facts conceded throughout. This was the allegation of the plaintiff in his suggestion, followed with the proof on his part that the money was paid by defendant as executor of deceased, by check, through Wineman to Mrs. Solomons, and equally claimed to be true by the defendant. Was it competent to prove anjr declaration of deceased, “ that the note, though nominally payable to defendant’s mother, was really for the benefit of the defendant.” It is due to plaintiff’s counsel to state, that although alleged to have been made on his deathbed, it was not offered as a dying declaration. If admitted and proved, the circumstance would have been relied on as entitling it-to additional credit. It is urged, that the testimony offered is within a well recognized exception to the rule rejecting hearsay evidence. That the declaration or statements of facts by a third person, whether oral or written, are often admissible in conse *107 quence of the death of the person making them, when they would not otherwise be allowed, does not admit of a question. The exception is founded in necessity, and has the sanction of reason as well as the authority of many adjudged cases. Certain preliminary facts must first appear to render them admissible. These are enumerated, as collected from adjudged cases, in 1 Green. Ev. § 147. The tests especially applicable to the question now presented are, whether the declarations were at variance with the interest of the declarant, and from the subject-matter, whether it appeared that he possessed competent knowledge of the facts, or that it was duty to know them. The genuineness of the note and the actual indebtedness of the deceased, were not the questions made. Whether the money loaned was the property of the mother or the son, and whether the debt was nominally or bona fide due to the mother, are questions outside of any interest the declarant was shown to have had and a fact about which he might or not possess certain and therefore competent knowledge. A declaration on this point, if made at all, may well have been derived from the information of others, or have been the result of suspicion, or an opinion from circumstances, a full disclosure of which may have been indispensable to a just conclusion. It is true, that the exception has been extended in reference to another class of evidence exemplified in certain book entries of tradesmen and others in the regular course of business, and in documentary evidence of various kinds. In 2 Smith’s Lead. Cases 183, et seq., this distinction is discussed. The analogy does not hold in the present instance, and perhaps no case would afford a better illustration of the propriety of adhering to the rule. We are of opinion that this ground cannot avail.
The third additional ground is, that the Recorder refused to detain a witness, who had been already sworn and examined, to testify further in the case, the witness not being under subpoena.
The Recorder, it would seem by the report, was neither satisfied of his power to compel the witness to remain, nor was he *108 disposed, under the special circumstances, to exercise it in the case. Neither would have deprived the party of the testimony in reply, if he had thought proper to resort to the usual process by subpmna, which was accessible, and must have been available. The witness was a gentleman of character and official station, and there has not been the slightest intimation of a purpose on his part, or of an apprehension on the part of the appellant, that the witness would evade the process of the Court, or that he, in any way, designed to defeat or hinder the administration of justice. That the Recorder declined any order in the premises, under the circumstances, therefore, cannot avail the appellant on a motion for a new trial. A passing remark may be proper to avoid misapprehension arising out of the intimation of the Recorder. In the case made where the witness presents himself on call arid submits to an examination, he at least may be well regarded as having waived all preliminary questions on this subject. (Questions, as they arise, will be better settled according to attendant circumstances, touching the power of a Judge, by a simple order, to require the presence of a pérson to testify, or being present to give testimony. Whilst the rights of the citizen are at all times to be respected, the due administration of justice, and especially in the investigation of crime, may often require a prompt and efficient exercise of judicial authority.
The remaining grounds refer to the verdict of the jury on the facts submitted. He who reads the brief will not only be impressed, but shocked with the painful conflict in the testimony. In a contest eliciting such disclosures, success secures a miserable triumph. The bitterness which characterizes it can only be accounted for, because it has assumed somewhat a family quarrel. Neither age, sex, nor kindred have been spared; and truly it may be said, that the zeal of this house has well nigh consumed it. The duty I now have to perform does not require a review of the evidence, and might not justify an expression of my own, or the opinion of at least a majority of my brethren, as to any supposed preponderance. Pacts peculiarly belong to *109 the jury, and we know of no case in which a new trial has been. awarded, on the civil side of the Court at least, where there has been such contrariety of evidence.
The motion for a new trial is dismissed.
O’Neall, Ward law, Witheiis, Glover and Munro, JJ., concurred.

Motion dismissed.